**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
**1** Valuation of Security        **0** Assumption of Executory Contract or Unexpired Lease        **0** Lien Avoidance

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:   Paul J Cavanaugh
         Joann M Cavanaugh
                    Debtor(s)

Case No.:   16-15584
Judge:      MBK

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required         Date:   16-15584
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney   **RCN**        Initial Debtor:   **PJC**        Initial Co-Debtor   **JMC**

1

### Part 1: Payment and Length of Plan

a. The Debtor has paid $16,550.00 into the plan The debtor shall pay __$200.00 Monthly__ to the Chapter 13 Trustee, starting on July 1, 2018 for approximately 33 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion:

- [ ] Refinance of real property:
  Description:
  Proposed date for completion:

- [✓] Loan modification with respect to mortgage encumbering property: PNC BANK
  Description: 125 Dey Grove Road, Monroe, NJ 08831
  Proposed date for completion: Loan Modification OUTSIDE the bankruptcy case within three months of confirmation on the above property and bank.

d. [✓] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification

Post adequate protection payments in the amount of $2,200.00 to PNC Bank pending the loan modification which is to be done OUTSIDE THE BANKRUPTCY CASE.

e. [✓] Other information that may be important relating to the payment and length of plan:

The Trustee is not to make any payments to creditor PNC Bank during the loan modification which is being done outside the case.

### Part 2: Adequate Protection            X NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $__500.00__ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: __PNC AS TO 2ND MORTGAGE__ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Robert C. Nisenson** | **Attorneys fees** | **3,000** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:
   ☑ None
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

   The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

   1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES**

**the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**PNC BANK 2ND MORTGAGE**

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |

## Part 5:  Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☐ Not less than ___ percent

☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:  Executory Contracts and Unexpired Leases    ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| ACAR LEASING | | LEASE 20126 CHEVY CRUZ | ASSUMED | $279.00 |

**Part 7:  Motions    ☐ NONE**

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a.  Motion to Avoid Liens under 11 U.S.C. Section 522(f).  ☑ NONE
   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

   b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☑ NONE

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

   c.  **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☑ NONE

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8:  Other Plan Provisions**
   a. **Vesting of Property of the Estate**
      ☑ Upon Confirmation
      ☐ Upon Discharge

   b. **Payment Notices**
   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

### d. Post-Petition Claims

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification   ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: ____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **trustee Motion to Dismiss** | **debtor doing loan modification outside the bankruptcy case** |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date  **June 11, 2018**          /s/ Robert C. Nisenson
                                  **Robert C. Nisenson 6680**
                                  Attorney for the Debtor
Date: **June 11, 2018**          /s/ Paul J Cavanaugh
                                  **Paul J Cavanaugh**
                                  Debtor

Date: **June 11, 2018**          /s/ Joann M Cavanaugh
                                  **Joann M Cavanaugh**
                                  Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

| Date | June 11, 2018 | /s/ Robert C. Nisenson |
| | | **Robert C. Nisenson 6680** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | June 11, 2018 | /s/ Paul J Cavanaugh |
| | | **Paul J Cavanaugh** |
| | | Debtor |

| Date: | June 11, 2018 | /s/ Joann M Cavanaugh |
| | | **Joann M Cavanaugh** |
| | | Joint Debtor |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                                    Case No. 16-15584-MBK
Paul J. Cavanaugh                                                                         Chapter 13
JoAnn M. Cavanaugh
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3           User: admin              Page 1 of 2              Date Rcvd: Jun 21, 2018
                               Form ID: pdf901          Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 23, 2018.
```
db/jdb         +Paul J. Cavanaugh,    JoAnn M. Cavanaugh,    125 Dey Grove Rd,    Monroe Twsp, NJ 08831-5803
lm              PNC Mortgage,    E. Todd Chamberlain, CEO,    PO Box 1820,    Dayton, OH 45401-1820
517560553      +ACAR Leasing LTD d/b/a GM Financial Leasing,    PO Box 183853,    Arlington, TX 76096-3853
516133606      +AGAR Leasing LTD d/b/a GM Financial Leasing,    PO BOX 183692,    Arlington, TX 76096-3692
516078222      +Barclays Bank Delaware,    125 S West St,    Wilmington, DE 19801-5014
516078224      +Bby/cbna,    50 Northwest Point Road,    Elk Grove Village, IL 60007-1032
516078225      +Cap1/l&t,    Po Box 30253,    Salt Lake City, UT 84130-0253
516334418      +Federal Home Loan Mortgage Corporation,    c/o PNC Mortgage, a division of PNC Bank,
                 Attn: Bankruptcy,    3232 Newmark Drive,    Miamisburg, OH 45342-5421
516078228       Furniturebar,    Cscl Dispute Team,    Des Moines, IA 50306
516078229      +GM Financial,    P.O Box 181145,    Arlington, TX 76096-1145
516078231      +PNC Bank,    1730 Oak Tree RD,    Edison, NJ 08820-2811
516309151      +PNC Bank N.A.,    PO Box 94982,    Cleveland, Oh 44101-4982
516078232      +PNC Mortgage,    C/O KML Law Group, P.C,    216 Haddon Ave Ste 406,    Westmont, NJ 08108-2812
516676925      +PNC Mortgage, a division of PNC Bank, NA,    Attn: Bankruptcy,    3232 Newmark Drive,
                 Miamisburg, OH 45342-5421
516286546       Wells Fargo Bank NA,    PO Box 10438,    Des Moines IA    50306-0438
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jun 22 2018 00:30:25     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 22 2018 00:30:21     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516165095       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 22 2018 00:28:12
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC   28272-1083
516078226      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 22 2018 00:28:11
                 Capital One Bank Usa N,    Pob 30281,    Salt Lake City, UT 84130-0281
516307387      +E-mail/Text: bnc@bass-associates.com Jun 22 2018 00:29:25     Cavalry SPV I, LLC,
                 c/o Bass & Associates, P.C.,    3936 E. Ft. Lowell Rd., Suite 200,    Tucson, AZ 85712-1083
516078230      +E-mail/Text: bnckohlsnotices@becket-lee.com Jun 22 2018 00:29:32     Kohls/capone,
                 N56 W 17000 Ridgewood Dr,    Menomonee Falls, WI 53051-7096
516190592      +E-mail/Text: bankruptcydpt@mcmcg.com Jun 22 2018 00:30:21     MIDLAND FUNDING LLC,
                 PO Box 2011,    Warren, MI 48090-2011
516334358       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 22 2018 00:27:47
                 Portfolio Recovery Associates, LLC,    c/o Barclaycard,    POB 41067,    Norfolk VA 23541
516334444       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 22 2018 00:28:46
                 Portfolio Recovery Associates, LLC,    c/o Best Buy,    POB 41067,    Norfolk VA 23541
516078233      +E-mail/PDF: gecsedi@recoverycorp.com Jun 22 2018 00:27:43     Syncb/amer Eagle,    Po Box 965005,
                 Orlando, FL 32896-5005
516078234      +E-mail/PDF: gecsedi@recoverycorp.com Jun 22 2018 00:28:11     Syncb/jcp,    Po Box 965007,
                 Orlando, FL 32896-5007
                                                                                               TOTAL: 11

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516078223*     +Barclays Bank Delaware,    125 S West St,    Wilmington, DE 19801-5014
516078227*     +Capital One Bank Usa N,    Pob 30281,    Salt Lake City, UT 84130-0281
                                                                                               TOTALS: 0, * 2, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 23, 2018                                          Signature:   /s/Joseph Speetjens

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Jun 21, 2018
                              Form ID: pdf901          Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 20, 2018 at the address(es) listed below:
              Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    Federal Home Loan Mortgage Corporation
               dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Robert C. Nisenson    on behalf of Debtor Paul J. Cavanaugh rnisenson@aol.com,
               nisensonlaw@aol.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com
              Robert C. Nisenson    on behalf of Joint Debtor JoAnn M. Cavanaugh rnisenson@aol.com,
               nisensonlaw@aol.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com
                                                                                             TOTAL: 5
```